**Order entered December 1, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00704-CR**

**JEROME JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F01-53637-JH**

**ORDER**

Before the Court is appellant's November 10, 2021 "Motion for Production of Exculpatory Material Evidences in Possession of the State, Material to the Appeal." In the motion, appellant seeks reports, records, documents, the complete prosecutor file, and other items not located in the appellate record. We **DENY** the motion. *See Delgado v. State*, No. 05-19-00821-CR, 2021 WL 4901565, at *9 (Tex. App.—Dallas Oct. 21, 2021, no pet h.) ("The standard we must apply deals only with 'the record evidence adduced at the trial.' This includes evidence both

properly and improperly admitted, but it cannot include evidence not admitted.") (internal citations omitted).

In his second motion, appellant contends he is entitled to appointed counsel in this appeal. An indigent convicted person intending to file a motion for post-conviction DNA testing has a limited right to appointed counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c). While that "entitlement used to be absolute," "it is now conditioned on the trial judge's finding 'that reasonable grounds exist for the filing of a motion.'" *Ex parte Gutierrez*, 337 S.W.3d 883, 889–90 (Tex. Crim. App. 2011). Here, the trial court did not find that reasonable grounds existed for filing the motion; thus, under the plain language of the code of criminal procedure, appellant is not entitled to counsel "during a proceeding under this chapter," which includes this appeal. We **DENY** appellant's motion for counsel.

Also before the Court is appellant's letter requesting clarification on when his brief is due. In the letter, appellant notes that he has not yet received a paper copy of the clerk's record. We **DIRECT** the Clerk to send a paper copy of the clerk's record filed in this appeal to appellant at the address on file with the Court.

We **ORDER** appellant's brief due by January 14, 2022.


/s/     ERIN A. NOWELL
JUSTICE